UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE JAMES HARRIS,

    Plaintiff,

v.

PRISON COUNSELOR STEVENSON, ET AL.,

    Defendants.
_____/

Case No. 2:19-cv-10024

GERSHWIN A. DRAIN
United States District Judge

ANTHONY P. PATTI,
United States Magistrate Judge

## ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF MICHIGAN

Plaintiff Willie James Harris, a state prisoner at the Ionia Correctional Facility in Ionia, Michigan, recently filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983. The Defendants are employees of the Michigan Department of Corrections.

The Complaint alleges that, while Plaintiff was incarcerated at the Carson City Correctional Facility in Carson City, Michigan, he was forced to share a cell with a violent prisoner who fought with him and injured him. Plaintiff further alleges that, after his cell mate assaulted him, he was charged with threatening behavior and forced to live in a cold cell without a blanket or mattress. In addition, he was denied use of the prison's grievance procedures, and while he was confined in an observation cell, a correctional officer would watch him use the toilet. Plaintiff now

sues the Defendants in their personal and official capacities for declaratory relief and money damages.

A preliminary question is whether this district is the proper venue for Plaintiff's Complaint. The proper venue in civil actions is the judicial district where (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the Court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties, *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (quoting 1 Moore's Federal Practice 1487-88), and under 28 U.S.C. §§ 1404(a) and 1406(a), a district court may transfer a civil action to any other district where it might have been brought.

The events or omissions giving rise to Plaintiff's claims occurred at the Carson City Correctional Facility where the Defendants perform their official duties. Carson City is located in Montcalm County, Michigan, which lies within the geographical confines of the Southern Division of the United States District Court for the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Accordingly, the

proper venue for Plaintiff's Complaint is the Southern Division of the Federal Court in the Western District of Michigan.

The Court hereby Orders the Clerk of Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §§ 1391(b), 1404(a), and 1406(a). The Court has neither screened Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, nor determined whether Plaintiff may proceed without prepayment of the filing fee.

IT IS SO ORDERED.

Dated: January 18, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 18, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager